145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramon OROZCO, Plaintiff-Appellant,
v.
George H. BALDWIN, Defendant,
and
M. Whelan, Correctional Officer; M.O. Jones, Correctional
Officer; Morris Tayler, Correctional Officer;
Willard, Correctional Officer-CPL;
Kennard, Correctional Officer,
Defendants-Appellees.
 No. 97-35984.
D.C. No. CV-97-00002-REJ.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 20, 1998.
 
 Appeal from the United States District Court for the District of Oregon Robert E. Jones, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oregon state prisoner Ramon Orozco appeals pro se the district court's order granting summary judgment in favor of the defendants in his 42 U.S.C. § 1983 complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part. We review de novo the district court's grant of summary judgment. See Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 3
 Summary judgment is appropriate if, viewing the evidence in a light most favorable to the non-moving party, there is no genuine issue of material fact. See Taylor, 880 F.2d at 1044. To defeat a motion for summary judgment, the non-moving party must go beyond his complaint and designate specific facts, showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Orozco filed a verified complaint, which serves as an opposing affidavit and meets this burden. See Schroeder v. MacDonald, 55 F.3d 454, 460 (9th Cir.1995).
 
 
 4
 Orozco contends that the district court erred in granting summary judgment on his claim that prison officials used excessive force, violating his Eighth Amendment rights. This contention has merit. Taken as true, the factual allegations in Orozco's complaint show that, prison officials maliciously and sadistically applied force for the purpose of causing him harm. See Hudson v. McMillian, 503 U.S. 1, 6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Appellees contend that the use of force was justified. Accordingly, there is a triable issue of fact. See Taylor, 800 F.2d at 1044.
 
 
 5
 Orozco also contends that the district court erred in granting summary judgment on his claim that he was subject to a forcible digital rectal search by prison guards, in violation of his Fourth Amendment rights. This contention has merit. Defendants deny that the rectal search took place. Taken in the light most favorable to him, Orozco's complaint creates a triable issue of material fact. See Vaughan v. Ricketts, 859 F.2d 736, 739 (9th Cir.1988)(affirming denial of summary judgment on a Fourth Amendment claim where rectal searches were conducted by untrained officials in unsanitary conditions). Accordingly, the district court erred in granting summary judgment on this claim.
 
 
 6
 The district court erroneously made factual findings that defendants Willard and Tayler were not present during the alleged incident. See Taylor, 800 F.2d at 1044. Orozco's verified complaint clearly alleges that both defendants were involved, thus, creating a triable issue of fact. Accordingly, we vacate the district court's order dismissing the two defendants, and instruct that they be reinstated as parties to this action.
 
 
 7
 Orozco also contends that the district court erred in granting summary judgment on his claim that his Fourteenth Amendment rights were violated because he received disciplinary sanctions for the incident. This contention lacks merit because Orozco is not entitled to pre-deprivation due process for actions taken to prevent a prison disturbance. See Williams v. Benjamin, 77 F.3d 756, 769-70 (4th Cir.1996).
 
 
 8
 Finally, Orozco contends that the district court erred in granting summary judgment on his claim that the disciplinary sanctions violated the Double Jeopardy Clause. This contention is without merit as the Double Jeopardy Clause prevents multiple prosecutions for the same offense, not disciplinary sanctions. See United States v. Brown, 59 F.3d 102, 104 (9th Cir.1995).
 
 
 9
 AFFIRMED in part and REVERSED in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3